## CATHARINE McBAIN v. JACOB SELIGMAN.

*Agent paying individual debt with principal's money.*

A woman doing business, with her husband as agent, authorized him to sell certaih notes belonging to her in order to raise money to use in the business. He indorsed the notes as agent, and then sold them to a customer to whom he was individually indebted, and without his wife's permission he allowed the purchaser to apply part of the purchase price upon his debt. *Held* (1) that the indorsement was notice enough to put the purchaser on inquiry as to his authority to make such application; (2) that in an action by the wife against the purchaser to recover back the money so applied, a contract between the husband and the purchaser, with which the wife was not shown to be connected and which provided for the payment of the husband's debt by allowances in transactions with him in the course of the wife's business, was wholly irrelevant to the issue. The agent could not charge his wife's business with this debt without showing her assent to this arrangement, and if he could this application of money was not an allowance within the terms of the contract.

The ownership of the notes discounted and the nature and extent of the agent's authority in discounting it were questions for the jury.

Error to Saginaw. (Gage, J.) October. 15—October 28.

ASSUMPSIT. Plaintiff brings error. Reversed.

*Wilbur & Brucker* and *Wisner & Draper* for appellant.

*Tarsney & Weadock* for appellee.

CHAMPLIN, J. Plaintiff was engaged in the insurance business which was carried on by her husband as her agent. He informed her that her business required more money, and she being the owner of three promissory notes for $750, each made by Robbins and Murray, payable to her order, placed them in the hands of her husband to sell to Mr. Seligman, the defendant, and get the money on them. He sold the notes to defendant, June 6, 1881, and in the sale he allowed defendant to retain out of the purchase price, and apply upon an indebtedness due from the husband to defendant, the sum

of $400. The plaintiff claims that this was contrary to her instructions, and she brought this suit to recover from defendant the sum which she claims was misappropriated.

The testimony is all returned. It shows clearly and without contradiction that William McBain acted as plaintiff's agent in disposing of the notes, and that his authority was limited to selling them. for money. It also shows a total want of authority of the agent to apply any portion of the proceeds to his individual indebtedness to defendant. The disputed point in the case turned upon the question whether defendant had or was bound to take notice that William McBain was the agent of his wife in disposing of the notes, and whether he had authority to apply the $400 to the payment of his individual indebtedness.

The defendant, against plaintiff's objection, introduced in evidence a written contract entered into between him and William McBain, dated the 23d day of March, 1881, which recited that "McBain is indebted to defendant at this date in the amount of $1559.95, and is desirous of paying the same in the following manner, and which defendant accepts, when completed and carried out, for all insurance which the said Seligman has, or is interested in, that is now carried or hereafter to be carried in the office of McBain. The said McBain agrees to carry the same, and to put in the best of insurance companies all said insurance that said Seligman may desire, together with any and all other insurance he may solicit from others, and allow said Seligman one-third of amount of premiums on all said insurance, which is to apply on the old indebtedness before mentioned. And the said Seligman further agrees to make the rates of said insurance as low as another responsible agency in equally good companies; and further to allow the said Seligman interest at the rate of seven per cent. per annum on all amounts due him until the time of final payment; said amounts of one-third of the premiums to be indorsed on the said old indebtedness. And the said Seligman hereby agrees to give the said McBain insurance as heretofore mentioned, to cancel said obligation of McBain to Seligman, provided the rates and companies are satisfactory, and the said McBain remains continuously as now in the insurance business. The aforesaid indebtedness is for endorsements on a Stewart paper, for which judgment has been rendered in favor of Seligman."

No attempt was made to connect the plaintiff with this contract. The indebtedness mentioned therein had been standing some two years, and was the individual indebtedness of William McBain. It was entirely irrelevant to the issue between the parties, and its admission was erroneous. The court instructed the jury that "this contract was made by Mr. McBain in reference to the insurance business, although the business had been purchased by his wife from the parties who were previously agents. Mr. McBain was the agent, and of course was authorized to make contracts in reference to insurance. This contract, in the view of the court, appears as a charge on that business. He was bound by that contract to do Mr. Seligman's insurance, all the insurance he might bring into that office, and to take right out of the money, or some of the money, at least, that belonged to the company,—that is, one-third of the premiums,—and it was to be credited on this paper. That was a charge on the business which a man naturally would like to be relieved of, and it required capital to carry it on, also; and in the view of the court, he needing capital in the business, I think relieving himself of this charge on the business to the extent of $400, by having that amount indorsed on the paper, was a legitimate use of the money, in view of his statement what his wife authorized him to do with it. I don't think she could have called him to account for misappropriating it; the effect being to relieve the insurance business of a charge such as is mentioned in this paper to the extent of $400. Therefore, there being no dispute about the testimony, Mr. McBain being the only one who states what his wife directed him to do with the notes, in that view of the case, he having made, in the judgment of the court, a legitimate use of the money, in view of the instructions given him by his wife, your verdict should be for the defendant in this case."

This instruction was erroneous. There is no doubt that Mr. McBain would naturally like to be relieved of the indebtedness, but he had no authority to charge the business of the plaintiff with his individual indebtedness, without some evidence to show that she assented to it. But even if the contract constituted a charge upon the business, the $400 in question was not received for premiums in the insurance business, and had no connection whatever with the contract. The notes appear to have been endorsed by William McBain

as agent, and it therefore appears upon the face of the papers that the person who negotiated the sale was acting in the capacity of agent, and this was notice to defendant that Mr. McBain was not the owner of the notes, and put him upon inquiry of the authority of McBain to act. The ownership of the paper discounted or sold to Mr. Seligman, and the nature and extent of the authority of the agent in selling it, were legitimate subjects of inquiry, and were questions of fact which ought to have been submitted to the jury.

The judgment is reversed and a new trial ordered

The other Justices concurred.